UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HARRIS,

          Plaintiff,                    CIVIL ACTION NO. 10-CV-13434

   vs.

                                      DISTRICT JUDGE GEORGE CARAM STEEH

BROWN, NURSE ADERY,          MAGISTRATE JUDGE MONA K. MAJZOUB
and JOHN DOE,

          Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that the Motion for Dismissal and Summary Judgment Based on Failure to Exhaust Administrative Remedies filed by Defendant Adery pursuant to 42 U.S.C. § 1997e(a) (docket no. 17) should be **DENIED**.

**II.**    **REPORT:**

This is a prisoner civil rights action under 42 U.S.C. § 1983. (Docket no. 1). Plaintiff seeks declaratory relief and damages for his physical injuries and emotional distress allegedly suffered when Defendants failed to provide him with appropriate medical care for his HIV infection. (Docket no. 1). The events giving rise to Plaintiff's claims occurred while he was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan and the Macomb Correctional Facility in New Haven, Michigan. (Docket no. 1). Defendant Adery, identified as the head nurse at the Macomb Correctional Facility, moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 56(b) and 42 U.S.C. § 1997e(a) for failure to exhaust available administrative remedies.

(Docket no. 32). Plaintiff filed responses to Defendant Adery's motion. (Docket nos. 18, 19). All pretrial matters have been referred to the undersigned for action. (Docket no. 11). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.    Facts and Claims**

Plaintiff states that he was diagnosed with HIV on June 23, 2009. (Docket no. 1). He alleges that in September 2009 a doctor at the Gus Harrison Correctional Facility ordered lab work to be performed on Plaintiff. Plaintiff states that the order went unfulfilled and his labs were not drawn until February 10, 2010. He states that he spoke with Defendant Adery by telephone on February 5, 2010 and that she was very argumentative and told Plaintiff that she "didn't care" that his lab work still needed to be performed. (Docket no. 1 at 3). Plaintiff alleges that he was physically and emotionally harmed by this delay in treatment. (Docket no. 1 at 3).

**B.    Standard of Review**

Defendant Adery moves to dismiss because Plaintiff has failed to exhaust his available administrative remedies on this issue. Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The prisoner must complete all levels of the grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999). The exhaustion requirement is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). When a prisoner's grievance is rejected by the prison as untimely, that claim

is not properly exhausted under 42 U.S.C. § 1997e. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir.2009). The procedural bar does not apply where the State declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir.2010).

**C.     Analysis**

Defendant Adery has submitted a copy of the grievance procedures of the Michigan Department of Corrections ("MDOC") and copies of the grievance Plaintiff filed on this issue, MRF-10-01-00165-12z. (Docket no. 17, exs. A-B). Plaintiff also submitted a copy of the MDOC grievance procedures and a copy of grievance MRF-10-01-00165-12z. (Docket nos. 1 and 19). The documents show that grievance MRF-10-01-00165-12z was rejected at step three as being untimely filed. (Docket no. 17, ex. A). Plaintiff challenges this decision and Defendant Adery's motion by arguing that he filed a timely step three appeal.

Plaintiff filed grievance MRF-10-01-00165-12z on January 21, 2010. (Docket no. 1). The grievance was received at step one on January 26, 2010 and the response was returned to Plaintiff on February 18, 2010. (Docket no. 1). Plaintiff appealed the matter to step two on February 22, 2010. (Docket no. 1). The grievance coordinator received Plaintiff's request for a step two appeal on March 3, 2010. According to paragraph CC of MDOC Policy Directive 03.02.130, the prison had fifteen business days after receiving the grievance in which to respond unless an extension was granted. (Docket no. 17, ex. B at ¶ CC). Extensions must be noted in the grievance response and are generally limited to fifteen business days. (Docket no. 17, ex. B at ¶ S). Applying these guidelines, the prison's response to Plaintiff's step two appeal was due March 24, 2010. The response, however, was not completed until April 16, 2010, and was not returned to Plaintiff until

April 29, 2010. (Docket no. 1).  The response does not state that an extension was granted.

When a grievant wishes to pursue a grievance that has not been responded to within the required time frames, the grievant may forward the grievance to the next step of the grievance process within ten business days after the response deadline expired.  (Docket no. 17, ex. B at ¶ T). Along those same lines, step three grievances must be sent to the Grievance and Appeals Section within ten business days after receiving the Step two response or, if no response was received, within ten business days after the date the response was due.  (Docket no. 17, ex. B at ¶ FF). Consequently, according to Policy Directive 03.02.130, the prison's step two grievance response was not timely and Plaintiff should have filed his step three appeal within ten business days of the response deadline, or by April 7, 2010.

Interestingly, Plaintiff's step three grievance response states that it was denied as untimely because it was received on May 24, 2010 when it should have been received on May 14, 2010. (Docket no. 17, ex. A).  Thus, it appears as though the prison declined to enforce its own procedural rules and instead calculated the step three due date as if its step two response was timely.  Even so, by this Court's calculations, if the prison's step two response was somehow timely, Plaintiff's step three appeal would have been due within ten business days after he received the response, or by May 13, 2010.

Plaintiff claims that he filed his step three grievance on February 22, 2010.  (Docket no. 18). It is highly unlikely that this occurred, however, since February 22, 2010 was the date on which Plaintiff filed his step two grievance.  In any event, the fact that the step three grievance was not received until May 24, 2010 does not render it untimely as Defendant Adery claims. A grievance appeal is considered filed on the date sent by the grievant, not on the date on which it is received by

4

the appropriate prison staff member.  (Docket no. 17, ex. B at ¶ S).

The record does not show on what date Plaintiff sent his step three appeal.  What the record does show is that there was a lapse between the date Plaintiff filed his grievances and the date the grievances were received by prison staff.  Plaintiff's step one grievance, for example, was received three business days after it was filed.  His step two appeal was received seven business days after it was filed.  Therefore, using the dates set forth in the step three grievance response, and accepting as true until proven otherwise Plaintiff's averment that he filed a timely step three appeal, a reasonable jury could find that Plaintiff could have filed his step three appeal on May 14, 2010, the date the step three grievance response says it was due, and the appeal could have been received six business days later on May 24, 2010.

Questions remain regarding when Plaintiff filed his step three appeal.  Defendant Adery has not carried her burden of showing that Plaintiff failed to exhaust his administrative remedies.  Accordingly, Defendant Adery's Motion for Dismissal and Summary Judgment Based on Failure to Exhaust Administrative Remedies should be denied.

III.   **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: April 20, 2011                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE



**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Willie Harris and Counsel of Record on this date.

Dated: April 20, 2011                    s/ Lisa C. Bartlett
                                         Case Manager