# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**WILLIE HARRIS,**

      **Plaintiff,**        **CIVIL ACTION NO. 10-CV-13434**

vs.

       **DISTRICT JUDGE GEORGE CARAM STEEH**

**BROWN, NURSE ADERY, and**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**JOHN DOE,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**     This Court recommends that Plaintiff's Motion for Serving and Filing Pleadings and Other Papers (docket no. 27) be denied and Defendants Unknown Brown and Unknown Lab Technician be dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**II.**    **REPORT:**

Plaintiff filed the instant civil rights complaint on August 16, 2010 in the Western District of Michigan. The case was transferred to this District on August 27, 2010. (Docket no. 1). On September 7, 2010 Plaintiff was allowed to proceed *in forma pauperis*. (Docket no. 8). Plaintiff names an Unknown Brown and Unknown Lab Technician in his complaint and states that these Defendants are or were employed at the Gus Harrison Correctional Facility in Adrian, Michigan. (Docket no. 1). The United States Marshal's Service acknowledged receipt of the service of process documents on September 7, 2010. (Docket no. 10). On February 15, 2011 waivers of service were

1

returned unexecuted as to Defendants Unknown Brown and Unknown Lab Technician because the Gus Harrison Correctional Facility was unable to determine who should be served. (Docket no. 21).

Shortly thereafter this Court entered an Order for Plaintiff to show cause why Unknown Brown and Unknown Lab Technician should not be dismissed due to lack of service of process. (Docket no. 22). Plaintiff responded to the show cause order and on March 23, 2011 the Court entered an order allowing Plaintiff additional time to identify and have the Marshal Service serve Unknown Brown and Unknown Lab Technician. Plaintiff was ordered to file with the Court the names and addresses at which these Defendants should be served on or before April 25, 2011. (Docket no. 24).

On the day his response was due Plaintiff filed a Motion for Serving and Filing Pleadings and Other Papers. (Docket no. 27). Because all pretrial matters have been referred to the undersigned for action (docket no. 11), the Court reviewed that motion. In his motion Plaintiff states that he has worked with MDOC's staff at his present place of incarceration and he is unable to determine the names and addresses of Unknown Brown and Unknown Lab Technician. He asks the Court to order the MDOC or Defendant Adery to determine who these Defendants are and where they should be served. Although Plaintiff's complaint indicates that Unknown Brown and Unknown Lab Technician are or were employed at Gus Harrison Correctional Facility, Plaintiff now states that he was incarcerated at the "Macomb Facility" when his blood sample was drawn. (Docket no. 27).

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *Feliciano v. DuBois*, 846 F.Supp. 1033, 1048 (D. Mass. 1994). For those plaintiffs proceeding *in forma pauperis*, the district court is obligated to issue the

2

plaintiff's process to a United States Marshal for service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996). Although it is not appropriate to penalize an *in forma pauperis* plaintiff for a Marshal's failure to effectuate service, it remains the plaintiff's responsibility to reasonably identify each defendant and provide the Court with addresses of the defendants whom he wishes to sue. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir.1993).

The time for service of the summons and complaint is established under Fed. R. Civ. P. 4(m), which provides that service must be made within 120 days after the filing of the complaint. "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Plaintiff has not effected service on Unknown Brown and Unknown Lab Technician within the time allowed under Rule 4(m). The U.S. Marshal Service attempted to serve these Defendants at the address provided by Plaintiff. Service failed because the Defendants were not properly identified and the prison facility was unable to determine who should be served based on the information provided in the lawsuit. (Docket no. 21). Despite the Court's leniency, Plaintiff is still unable to identify the Defendants he wishes to sue. In light of the above, the Court recommends that Plaintiff's Motion for Serving and Filing Pleadings and Other Papers (docket no. 27) be denied and Defendants Unknown Brown and Unknown Lab Technician be dismissed from this action without prejudice pursuant to Rule 4(m).

III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation,

3

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 10, 2011                       s/ Mona K. Majzoub
                                                               MONA K. MAJZOUB
                                                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Willie Harris and Counsel of record on this date.

Dated: May 10, 2011                           s/ Lisa C. Bartlett
                                              Case Manager