UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HARRIS,

        Plaintiff,                      CIVIL ACTION NO. 10-CV-13434

vs.

                                       DISTRICT JUDGE GEORGE CARAM STEEH

BROWN, NURSE ADERY,        MAGISTRATE JUDGE MONA K. MAJZOUB
and JOHN DOE,

        Defendants.
        _____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** This Court recommends that Defendant Adery's[1] Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6) (docket no. 29) be **DENIED** as untimely, and Plaintiff's Motion To Strike Defendant's Untimely 12(b) Motion (docket no. 34) be **DENIED**. The Court further recommends that Plaintiff's claims against Defendant Adery be dismissed from this lawsuit pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) for failure to state a claim on which relief may be granted.

**II.    REPORT:**

This is a prisoner civil rights action under 42 U.S.C. § 1983. (Docket no. 1). In his complaint, Plaintiff seeks declaratory relief and damages for his physical injuries and emotional

---

[1] The correct spelling of Defendant Adery's name is "Adray." (See Docket no. 14; Docket no. 1, ex. 1 at p. 4). Plaintiff misspelled Defendant Adray's name in his complaint and that misspelling has been adopted by Defendant and by the Court in various motions and orders. If the Court declines to adopt this recommendation dismissing this Defendant, the case caption should be amended to reflect the correct spelling of Defendant Adray's name.

1

distress allegedly suffered when Defendants failed to provide him with appropriate medical care for his HIV infection. (Docket no. 1). The events giving rise to Plaintiff's claims occurred while he was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan and the Macomb Correctional Facility in New Haven, Michigan. (Docket no. 1). Defendant Adery, identified as the head nurse at the Macomb Correctional Facility, moves to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket no. 29). Plaintiff did not file a response to the motion, but instead filed a Motion To Strike Defendant's Untimely 12(b)(6) Motion. (Docket no. 34). Defendant Adery filed a response to Plaintiff's Motion To Strike. (Docket no. 36). All pretrial matters have been referred to the undersigned for action. (Docket no. 11). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motions will be considered together and are now ready for ruling.

**A.     Facts and Procedural History**

Plaintiff filed this *pro se* civil rights complaint on August 27, 2010 pursuant to 42 U.S.C. § 1983. (Docket no. 1). He is proceeding *in forma pauperis*. (Docket no. 8). In his complaint Plaintiff states that he was diagnosed with HIV on June 23, 2009. (Docket no. 1). He alleges that in September 2009 a doctor at the Gus Harrison Correctional Facility ordered lab work to be performed on Plaintiff. Plaintiff states that when he arrived at the Macomb Correctional Facility he arranged a February 5, 2010 telephone call with Defendant Adery to discuss the fact that his lab work had not been completed. Plaintiff alleges that Defendant Adery was argumentative and told Plaintiff that she "didn't care" that his lab work still needed to be performed. (Docket no. 1 at 3). He alleges that the lab work was completed on February 10, 2010. (Docket no. 1 at 3).

On September 23, 2010 counsel entered an appearance on behalf of Defendant Adery.

(Docket no. 14). The Court directed Defendant Adery to file an answer to the complaint by November 12, 2010. (Text-only entry dated 2/12/2011). As of the date of this recommendation, Defendant Adery has not filed an answer to the complaint nor has she requested an extension of time to file her answer. Plaintiff has not requested an entry of default by the clerk of the court.

On November 16, 2010 Defendant Adery filed a Motion To Dismiss And For Summary Judgment Based On Failure To Exhaust Administrative Remedies. (Docket no. 17). This Court entered a Report and Recommendation recommending that Defendant Adery's motion be denied. (Docket no. 26). On June 6, 2011 the district court adopted the Report and Recommendation and denied Defendant Adery's Motion To Dismiss And For Summary Judgment. (Docket no. 32). Defendant Adery filed the instant Motion To Dismiss on May 18, 2011. (Docket no. 29). Thereafter, Plaintiff filed the instant Motion To Strike Defendant's Untimely 12(b) Motion. (Docket no. 34).

**B.    Standard of Review**

Defendant Adery moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level'; they must 'state a claim to relief that is plausible on its face.' " *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir.2008) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. at 555, 570 (2007)). When evaluating a Rule 12(b)(6) motion, the court may "consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) (citation omitted).

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the court must undertake sua sponte review and dismiss the complaint, or any portion thereof, if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Similarly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a district court has a duty to dismiss at any time a case in which the plaintiff is proceeding *in forma pauperis* if it determines that the action fails to state a claim on which relief may be granted.

**C.    Analysis**

Rule 12(b) of the Federal Rules of Civil Procedure provides that a motion that asserts a defense under Rule 12(b)(6) for failure to state a claim on which relief can be granted must be made "before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Otherwise a defense under Rule 12(b)(6) may be raised in a Rule 7(a) pleading, by motion under Rule 12(c) after the pleadings are closed, or at trial. Fed. R. Civ. P. 12(h). Federal Rule of Civil Procedure 7(a) defines pleadings to include a complaint and an answer. Fed. R. Civ. P. 7(a).

Defendant Adery filed the instant Motion To Dismiss on May 18, 2011, long after the November 12, 2010 deadline for filing her responsive pleading, and well outside the time allotted under Rule 12(b). Because Defendant Adery has not filed an answer to Plaintiff's complaint, the

4

motion cannot be construed as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Santiago v. Kourt*, No. 09-10229, 2009 WL 3837644, at *1 (E.D. Mich. Nov. 17, 2009). Defendant Adery's Rule 12(b)(6) motion is untimely and should be denied.

Plaintiff's Motion To Strike relies on Federal Rule of Civil Procedure 12(f) which provides that a court may "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Defendant Adery's motion does not constitute a pleading under Rule 7(a) of the Federal Rules of Civil Procedure. Accordingly, the Court may not strike Defendant's motion under Rule 12(f). Plaintiff's Motion To Strike should be denied.

In order to establish an Eighth Amendment violation, Plaintiff must show that he suffered from a serious medical condition, and that the official being sued recklessly disregarded a known substantial risk to the Plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). The facts as alleged by Plaintiff state that he spoke with Defendant Adery via telephone on February 5, 2010, she was rude to him, and his lab work was completed five days later on February 10, 2010. Plaintiff's complaint does not contain sufficient facts to state a plausible claim for relief against Defendant Adery. Furthermore, exhibits attached to Plaintiff's complaint show that Defendant Adery responded to and denied Plaintiff's grievance related to his complaints of delayed lab work. (Docket no. 1, ex. 1 at pp. 3-4). To the extent Plaintiff's claims against Defendant Adery are predicated upon her response to his grievance, § 1983 liability is foreclosed. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (Section 1983 may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance).

Based on the above, the Court recommends that Plaintiff's claims against Defendant Adery

5

be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) for failure to state a claim upon which relief can be granted.

On July 19, 2011 the Court entered an order dismissing Defendants Unknown Brown and Unknown Lab Technician without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (Docket no. 35). At the same time, the Court ordered counsel for Defendant Adery to conduct an investigation to attempt to identify the names and addresses of Unknown Brown and Unknown Lab Technician and disclose those names to Plaintiff. (Docket no. 35). Defense counsel filed a response to that order on August 2, 2011. (Docket no. 39). In the response, defense counsel identifies the contact information of an individual believed to match Plaintiff's description of Unknown Lab Technician. Defense counsel also states that the MDOC will provide the name and last known address of Defendant Unknown Brown to the U.S. Marshal Service. (Docket no. 39). Since the district court dismissed these two Defendants from this case, the undersigned will not direct the U.S. Marshal Service to serve these individuals without further direction from the district judge.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 24, 2011          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Willie Harris and Counsel of Record on this date.

Dated: October 24, 2011          s/ Lisa C. Bartlett
                                 Case Manager